# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 19-10025-01-EFM

MICHAEL A. ARJONA,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Michael A. Arjona's Motion for Reconsideration of Detention Order (Doc. 65). For the reasons discussed below, Defendant's motion is denied.

### I.     Factual and Procedural Background

On January 30, 2019, Defendant was charged with one count of conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 841(b)(1)(A)(viii).[1] The potential penalty is a mandatory minimum sentence of 10 years imprisonment to life.[2] On February 13, Magistrate Judge Gale held a hearing

---

[1] The Government filed a Superseding Indictment on February 27, 2019, alleging, in addition to the conspiracy charge, one count of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

[2] 21 U.S.C. § 841(a)(1) and (b)(1)(A).

on the Government's request for detention. Based on the evidence and argument offered at that hearing, Magistrate Judge Gale ordered Defendant released with conditions that included electronic monitoring.

The next day, the Government moved for revocation of Magistrate Judge Gale's Order of release. The Court held a hearing on this motion on February 22 during which the Government presented testimony from Detective Justin Manning with the Sedgwick County Sheriff's Office. Manning testified that he feared for his own safety given Defendant's past conduct. After hearing the evidence and argument offered by the parties, the Court ordered Defendant remanded into custody.

Defendant now seeks reconsideration of the Court's Order for detention. In support of his motion, Defendant points to new evidence showing he was evaluated by the Substance Abuse Center of Kansas, Inc. ("SACK") on May 7. SACK determined that Defendant meets the Kansas Placement Criteria for level 3 intermediate inpatient treatment. Defendant therefore requests that the Court reconsider its prior order and reopen the detention hearing to allow him to present a release plan that would provide for drug addiction treatment. The Government opposes Defendant's motion.

## II. Analysis

Under 18 U.S.C. § 3142(f)(2), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Here, Defendant does not file this as a motion to reopen but as a motion for reconsideration of the detention Order. As noted by another judge in this district,

> Rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.[3]

Defendant has filed this motion based on his newly-proposed release plan. But, even considering this new plan, the Court refuses to grant Defendant pretrial release. Under the Bail Reform Act of 1984, the Court must order a defendant's release, with or without conditions, unless it "finds no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community."[4] In making this determination, the Court must consider the following factors: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or a controlled substance . . . ;" (2) "the weight of evidence against the person;" (3) "the history and characteristics of the person . . .;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[5]

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with either an offense for which the maximum

---

[3] *United States v. Lovgren*, 2013 WL 5729931, at *1 (D. Kan. 2013) (quoting *United States v. Becker*, 2010 WL 1424360, at *2 (D. Kan. 2010)).

[4] 18 U.S.C. § 3142(e).

[5] *Id*. § 3142(g)(1)-(4).

sentence is life imprisonment or an offense for which the term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq*.[6] Here, Defendant is charged with an offense that carries the maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act.[7] Therefore, there is a rebuttable presumption of risk of flight and danger to the community.

The Court will first address the presumption of flight. During the February 22 hearing, the Court concluded that Defendant had overcome this presumption because his family is located in Wichita, he is a lifelong resident of Wichita, he owns property in Wichita, and his last known international contact was ten years ago. Defendant's proposed release plan does not affect this finding, and therefore, the Court concludes that Defendant has overcome the presumption of flight.

Next, the Court turns to the presumption of danger to the community. At the February 22 hearing, the Court concluded that Defendant had not overcome this rebuttable presumption. In making this determination, the Court first examined the nature and circumstances of the offense. The Court noted that although a single conspiracy charge may not be serious enough to detain Defendant, the evidence showed that he was involved some undercover drug buys and, more importantly, that he maintained property other than his home for purposes of drug distribution. Second, the Court found the weight of evidence strongly favored detention because there was a significant quantity of drugs with Defendant's fingerprints on it and other people were involved in

---

[6] 18 U.S.C. § 3142(e)(3)(A); *see also United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991) ("[U]pon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community.").

[7] "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000) (quoting *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)).

the conspiracy. The Court placed significant emphasis on Defendant's nature and characteristics, finding them to be extremely concerning based on Deputy Manning's testimony. Deputy Manning testified that Defendant repeatedly told him that he was a member of the cartel and threatened his life. He further testified that in his 17 years of service as a law enforcement officer he had never felt as threatened by an individual as he did by Defendant. Finally, the Court found that Defendant posed a substantial threat to the community because the evidence shows the actual distribution of significant quantities of drugs and because of the possibility of future conspiracy activities with another released co-defendant. Accordingly, the Court concluded that Defendant did not overcome the presumption of danger to the community and ordered him to be detained.

Defendant's newly-proposed release plan does not change the Court's previous Order. The reasons provided at the February 12 hearing as to why Defendant should be detained are still present today. Defendant continues to present a risk of danger to the community and to potential witnesses who may testify for the Government if the case proceeds to trial. Treatment of drug addiction cannot overcome this risk or the presumption of danger that is present in this case. Accordingly, the Court declines to reopen the detention hearing and reconsider its prior detention Order.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of the Detention Order (Doc. 65) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2019.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE