IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA,   ) District Court
                               ) Case No.
                Plaintiff,   ) 19-10025-01
v.                         )
                               ) Appellate No.
MICHAEL A. ARJONA,          ) 21-3099
                               )
                Defendant.   )

TRANSCRIPT OF PROCEEDINGS

On the 21st day of September, 2020, came on to be heard proceedings in the above-entitled and numbered cause before the HONORABLE ERIC F. MELGREN, Judge of the United States District Court for the District of Kansas, sitting in Wichita, commencing at 2:59 P.M. Proceedings recorded by machine shorthand. Transcript produced by computer-aided transcription.

APPEARANCES:

The plaintiff appeared by and through:
        Ms. Molly M. Gordon
        United States Attorney's Office
        1200 Epic Center
        301 North Main
        Wichita, Kansas  67202

The defendant appeared in person and by and through:
        Mr. Mitch E. Biebighauser
        Federal Public Defender's Office
        850 Epic Center
        301 North Main Street
        Wichita, Kansas 67202

14:59:31   1          COURTROOM DEPUTY:  All rise.

14:59:32   2          United States District Court for the District of

14:59:36   3  Kansas is now in session, the Honorable Eric F. Melgren

14:59:39   4  presiding.

14:59:41   5          THE COURT:  Good afternoon.  You may be seated.

14:59:46   6  The court calls the case of the United States v. Michael

14:59:49   7  Arjona, Case No. 19-10025.  The United States appears by

14:59:55   8  Assistant United States Attorney Katherine Andrusak.

14:59:58   9          THE REPORTER:  (Shaking head.)

14:59:59  10          MS. GORDON:  Your Honor?

14:59:59  11          THE COURT:  Is that you behind that mask?

15:00:00  12          MS. GORDON:  No, it's Molly.

15:00:01  13          THE COURT:  That's Molly, okay.  I was looking at

15:00:03  14  you and I thought I'm not sure that's Katie or not.

15:00:06  15          MS. GORDON:  It's not, but I appreciate the

15:00:09  16  confusion.

15:00:09  17          THE COURT:  Well, not at all.  And the defendant

15:00:15  18  appears in person and by his counsel Assistant Federal

15:00:18  19  Public Defender Mitch Biebighauser.  This matter comes

15:00:22  20  before the court for a change of plea.

15:00:24  21          For the record, sir, are you Michael Arjona?

15:00:27  22          THE DEFENDANT:  Yes, sir.

15:00:29  23          THE COURT:  Mr. Arjona, I'm going to ask you some

15:00:31  24  questions this afternoon.  Your answers will be under

15:00:35  25  oath and on the record.  That means if you were to give

| 15:00:37 | 1 | false answers or if you were to later try and change your |
| 15:00:41 | 2 | answers, the United States could charge you with perjury |
| 15:00:45 | 3 | or false statements. |
| 15:00:46 | 4 | Do you understand? |
| 15:00:47 | 5 | THE DEFENDANT:  Yes, sir. |
| 15:00:49 | 6 | THE COURT:  Are you agreeable to take an oath to |
| 15:00:52 | 7 | tell the truth in this case? |
| 15:00:53 | 8 | THE DEFENDANT:  Yes, sir. |
| 15:00:54 | 9 | THE COURT:  Would you please stand, and my |
| 15:00:56 | 10 | courtroom deputy will swear you in. |
| 15:00:57 | 11 | (The defendant complies.) |
| 15:00:58 | 12 | COURTROOM DEPUTY:  If you could raise your right |
| 15:01:00 | 13 | hand as best you can.  Thank you. |
| 15:01:01 | 14 | You do solemnly swear that the statements given in |
| 15:01:05 | 15 | the petition to enter a plea of guilty herein are true |
| 15:01:10 | 16 | and correct and that any oral statements you make at this |
| 15:01:13 | 17 | hearing are true and correct, so help you God.  If so, |
| 15:01:16 | 18 | please say, "I do." |
| 15:01:17 | 19 | THE DEFENDANT:  I do. |
| 15:01:19 | 20 | COURTROOM DEPUTY:  Thank you. |
| 15:01:19 | 21 | THE COURT:  You may be seated, sir. |
| 15:01:20 | 22 | (The defendant complies.) |
| 15:01:21 | 23 | THE COURT:  I'm told that you're 39 years old and |
| 15:01:26 | 24 | you've completed formal education through the eighth |
| 15:01:29 | 25 | grade.  Is that correct? |

9-21-20   USA v. ARJONA   No. 19-10025-01                    4

| | | |
|---|---|---|
| 15:01:30 | 1 | THE DEFENDANT:  Yes, sir. |
| 15:01:31 | 2 | THE COURT:  Have you had any alcohol to drink in |
| 15:01:33 | 3 | the last 24 hours? |
| 15:01:34 | 4 | THE DEFENDANT:  No, sir. |
| 15:01:35 | 5 | THE COURT:  I'm told that you've taken Tylenol |
| 15:01:39 | 6 | sometime in the past week, which is fine.  But other than |
| 15:01:43 | 7 | that, have you taken any medications or drugs of any |
| 15:01:47 | 8 | kind, legal or otherwise, at any point in the past week? |
| 15:01:50 | 9 | THE DEFENDANT:  No, sir. |
| 15:01:51 | 10 | THE COURT:  Have you ever been under the care of a |
| 15:01:54 | 11 | doctor or a health care worker for any mental health or |
| 15:01:57 | 12 | emotional health issues? |
| 15:01:59 | 13 | THE DEFENDANT:  No, sir. |
| 15:02:00 | 14 | THE COURT:  Has a court ever ruled that you were |
| 15:02:03 | 15 | not competent to make decisions about your own affairs |
| 15:02:06 | 16 | and appointed somebody else to make those decisions for |
| 15:02:09 | 17 | you? |
| 15:02:09 | 18 | THE DEFENDANT:  No, sir. |
| 15:02:10 | 19 | THE COURT:  You're represented in this case by |
| 15:02:13 | 20 | your attorney, Mr. Biebighauser.  Have you had enough |
| 15:02:16 | 21 | time to discuss this case with your attorney? |
| 15:02:19 | 22 | THE DEFENDANT:  Yes, sir. |
| 15:02:19 | 23 | THE COURT:  Has he talked to you about the charges |
| 15:02:22 | 24 | you're facing, the possibility that you could go to trial |
| 15:02:27 | 25 | on those charges and what your defenses might be? |

15:02:30  1          THE DEFENDANT:  Yes, sir.

15:02:30  2          THE COURT:  Are you satisfied with the way he's

15:02:32  3   handling your case?

15:02:33  4          THE DEFENDANT:  Yes, sir.

15:02:34  5          THE COURT:  Your attorney continues to represent

15:02:36  6   you throughout this hearing this afternoon, sir.  That

15:02:39  7   means that if at any point before you answer a question I

15:02:44  8   ask or make a statement you'd like to first talk with him

15:02:47  9   privately about what you should say, you may do that.

15:02:52  10  Just let me know at any point that you'd like time to

15:02:55  11  visit with your attorney privately, and I'll give you as

15:02:58  12  much time as you want.  Do you understand?

15:02:59  13         THE DEFENDANT:  Yes, sir.  Thank you.

15:03:00  14         THE COURT:  All right.  Mr. Arjona, I'm going to

15:03:03  15  ask you some questions about your plans to plead guilty.

15:03:05  16  I'm going to explain to you some rights you have under

15:03:08  17  our laws that you'll give up by entering that plea, and

15:03:12  18  I'm going to talk to you about some agreements you're

15:03:13  19  making in connection with this plea.

15:03:16  20         I always worry about these hearings a bit because

15:03:19  21  the attorneys and I do this sort of thing all the time.

15:03:22  22  This is a very familiar process for us.  But, of course,

15:03:27  23  it's not familiar for you.  So that creates a risk that

15:03:31  24  the attorneys and I might think you understand what I'm

15:03:34  25  saying when, in fact, I might have confused you or I

| | | |
|---|---|---|
| 15:03:37 | 1 | might have lost you.  And I don't want to do that. |
| 15:03:40 | 2 | If at any point you're not certain you understand |
| 15:03:44 | 3 | what I'm saying or are following me, please tell me that, |
| 15:03:49 | 4 | and I'll be happy to take whatever time we need to |
| 15:03:52 | 5 | explain things to you because it's important to me that |
| 15:03:55 | 6 | you understand everything we go over. |
| 15:03:56 | 7 | Will you do that, sir? |
| 15:03:57 | 8 | THE DEFENDANT:  Yes, sir.  Thank you. |
| 15:03:58 | 9 | THE COURT:  And -- you're welcome.  And just so |
| 15:04:01 | 10 | we're all clear, unless you tell me that you don't |
| 15:04:06 | 11 | understand what I'm saying, then everybody's going to |
| 15:04:09 | 12 | assume that you do understand. |
| 15:04:10 | 13 | Fair enough? |
| 15:04:11 | 14 | THE DEFENDANT:  Yes, sir. |
| 15:04:12 | 15 | THE COURT:  Very good.  So you were charged in |
| 15:04:15 | 16 | this case by the grand jury in an indictment, but then |
| 15:04:21 | 17 | there was a superseding indictment.  And so the current |
| 15:04:27 | 18 | charge before you -- and I know you're not here to plead |
| 15:04:29 | 19 | to all these charges but the current status of the |
| 15:04:34 | 20 | charges before you is that you're charged in Count 1 with |
| 15:04:38 | 21 | conspiracy to distribute a controlled substance, in |
| 15:04:40 | 22 | violation of 21 United States Code § 846, specifically |
| 15:04:47 | 23 | that you intentionally conspired with at least one other |
| 15:04:51 | 24 | person to distribute a substance containing |
| 15:04:56 | 25 | methamphetamine.  And then you're charged -- there are |

9-21-20   USA v. ARJONA   No. 19-10025-01                    7

| | | |
|---|---|---|
| 15:04:59 | 1 | other people charged in this indictment, but you're |
| 15:05:01 | 2 | charged again in Count 4 with distribution of a |
| 15:05:05 | 3 | controlled substance, in violation of 21 United States |
| 15:05:07 | 4 | Code § 841, specifically of knowingly and intentionally |
| 15:05:13 | 5 | distributing 50 grams or more of a substance containing |
| 15:05:17 | 6 | methamphetamine. |
| 15:05:18 | 7 | And you're charged in Count 6 with possession with |
| 15:05:23 | 8 | intent to distribute a controlled substance, in violation |
| 15:05:26 | 9 | of 21 United States Code § 841, specifically that you |
| 15:05:31 | 10 | intentionally possessed with the intent to distribute to |
| 15:05:34 | 11 | others 500 grams or more of a substance containing |
| 15:05:37 | 12 | methamphetamine. |
| 15:05:37 | 13 | Do you understand these charges against you in the |
| 15:05:41 | 14 | indictment? |
| 15:05:41 | 15 | THE DEFENDANT:  Yes, sir. |
| 15:05:42 | 16 | THE COURT:  You and your attorney have discussed |
| 15:05:44 | 17 | them and he's answered any questions you have about them? |
| 15:05:46 | 18 | THE DEFENDANT:  Yes, sir. |
| 15:05:47 | 19 | THE COURT:  Counsel, are you confident your client |
| 15:05:48 | 20 | understands the charges against him? |
| 15:05:50 | 21 | MR. BIEBIGHAUSER:  Yes, Your Honor. |
| 15:05:51 | 22 | THE COURT:  Thank you. |
| 15:05:53 | 23 | Mr. Arjona, the first thing I want you to |
| 15:05:57 | 24 | understand this afternoon is that you don't have to plead |
| 15:06:00 | 25 | guilty to any of these charges.  You have a right to a |

| | | |
|---|---|---|
| 15:06:04 | 1 | trial if you want one. |
| 15:06:05 | 2 | If you'd go to trial, it's going to be the job of |
| 15:06:10 | 3 | the U.S. Attorney's Office to prove that you've done |
| 15:06:12 | 4 | whatever you're charged with doing.  It will not in any |
| 15:06:16 | 5 | way be your job to prove that you haven't done those |
| 15:06:20 | 6 | things or to prove that you're innocent.  You won't have |
| 15:06:24 | 7 | to prove anything at all.  The job of proof will be |
| 15:06:28 | 8 | entirely on the Government. |
| 15:06:30 | 9 | If we go to trial, we'll pick a jury of 12 |
| 15:06:34 | 10 | ordinary citizens who have no prior opinions about your |
| 15:06:38 | 11 | case and every one of whom can persuade us that they can |
| 15:06:41 | 12 | give you a fair and impartial trial.  And at the start of |
| 15:06:46 | 13 | the trial I will tell that jury that it has to presume |
| 15:06:49 | 14 | you innocent of any charge against you unless the U.S. |
| 15:06:54 | 15 | Attorney's Office can persuade each one of them, and all |
| 15:06:57 | 16 | 12 of them unanimously, beyond a reasonable doubt, that |
| 15:07:03 | 17 | you've done the things you're charged with doing. |
| 15:07:06 | 18 | You're entitled to a speedy trial, which means you |
| 15:07:09 | 19 | could not just continue to be held indefinitely but you'd |
| 15:07:12 | 20 | have the right to go to trial more or less as quickly as |
| 15:07:15 | 21 | you wanted. |
| 15:07:18 | 22 | In preparation for trial and throughout the trial, |
| 15:07:20 | 23 | you'd continue to have the right to an attorney to help |
| 15:07:22 | 24 | you.  During the trial you could see and hear every |
| 15:07:26 | 25 | witness that the Government called in its effort to prove |

15:07:29  1  its case against you, and your attorney can ask those

15:07:33  2  witnesses any questions that were appropriate and helpful

15:07:36  3  to your defense.

15:07:37  4      You could call witnesses of your own if you

15:07:42  5  wanted, and you could use the power and process of this

15:07:45  6  court to make those witnesses appear at trial.  But you

15:07:52  7  yourself would have the right to not take the witness

15:07:56  8  stand where you would have to answer questions but,

15:07:59  9  instead, to remain silent.  And if you chose to remain

15:08:03  10  silent, I would tell the jury that it could not consider

15:08:06  11  your silence as being any evidence that you were guilty.

15:08:10  12  If you were convicted, you'd have the right to an appeal.

15:08:17  13      Do you understand that you have all these rights

15:08:19  14  available to you if you choose to go to trial?

15:08:22  15      THE DEFENDANT:  Yes, sir.

15:08:24  16      THE COURT:  If you plead guilty this afternoon and

15:08:28  17  if I accept your plea, you'll still have the right to an

15:08:31  18  attorney to help you with whatever else we have to do to

15:08:34  19  finish this case up through sentencing, but all these

15:08:37  20  other rights that I've discussed with you you'll give up.

15:08:41  21  And once I've accepted your plea, that's final; you

15:08:45  22  cannot change your mind later and get them back.  Do you

15:08:49  23  understand?

15:08:49  24      THE DEFENDANT:  Yes, sir.

15:08:51  25      THE COURT:  Do you have any questions about any of

15:08:53    1    this so far?

15:08:54    2         THE DEFENDANT:  No, sir.

15:08:55    3         THE COURT:  Do you still want to proceed to plead

15:08:57    4    guilty?

15:08:58    5         THE DEFENDANT:  Yes, sir.

15:08:59    6         THE COURT:  I understand that you and your

15:09:01    7    attorney have reached a plea agreement with the

15:09:03    8    Government.  I have a copy of that plea agreement.

15:09:11    9    Pardon me.  Have you gone over this plea agreement and

15:09:15    10   discussed it with your attorney?

15:09:17    11        THE DEFENDANT:  Yes, sir.

15:09:17    12        THE COURT:  Has he explained it to you, answered

15:09:20    13   any questions you have about it?

15:09:22    14        THE DEFENDANT:  Yes, sir.

15:09:22    15        THE COURT:  Do you think you understand it?

15:09:24    16        THE DEFENDANT:  Yes, sir.

15:09:25    17        THE COURT:  Counsel, are you confident your client

15:09:28    18   understands the representations and promises he's making

15:09:31    19   in this document and those that are being made to him?

15:09:33    20        MR. BIEBIGHAUSER:  Yes, Your Honor.

15:09:34    21        THE COURT:  Mr. Arjona, I'd like to go through

15:09:39    22   some of these provisions with you here on the record just

15:09:41    23   to satisfy myself that you understand them.  Paragraph 1

15:09:44    24   of this plea agreement says that you're pleading guilty

15:09:47    25   to Count 1 of the superseding indictment, and from now on

| | | |
|---|---|---|
| 15:09:50 | 1 | that's the only count we'll be talking about.  As I noted |
| 15:09:53 | 2 | earlier, that charges you with conspiracy to distribute a |
| 15:09:56 | 3 | controlled substance, in violation of 21 United States |
| 15:09:58 | 4 | Code § 846. |
| 15:10:03 | 5 | I am required to tell you that for being found |
| 15:10:05 | 6 | guilty of this crime you could receive a sentence of no |
| 15:10:10 | 7 | less than ten years and up to life in prison; you could |
| 15:10:14 | 8 | be assessed up to a $10 million fine; you could be placed |
| 15:10:18 | 9 | on five years of supervised release; and you'd be |
| 15:10:20 | 10 | required to pay a hundred dollar mandatory special |
| 15:10:22 | 11 | assessment. |
| 15:10:22 | 12 | Do you understand? |
| 15:10:24 | 13 | THE DEFENDANT:  Yes, sir. |
| 15:10:25 | 14 | THE COURT:  Let me talk to you about supervised |
| 15:10:28 | 15 | release.  That's a concept that may not be familiar to |
| 15:10:31 | 16 | some people.  And it simply means that after you've |
| 15:10:34 | 17 | served whatever time you receive to serve in prison and |
| 15:10:37 | 18 | are released, you'll be subject to supervision by the |
| 15:10:40 | 19 | United States Probation Office for a period of time.  And |
| 15:10:43 | 20 | during that period of supervision, you'll be required to |
| 15:10:45 | 21 | comply with the terms and conditions of supervision, |
| 15:10:49 | 22 | which will all be set forth at the time of your |
| 15:10:52 | 23 | sentencing. |
| 15:10:53 | 24 | If you don't comply, you can be brought back in to |
| 15:10:57 | 25 | court and charged with violation of your conditions of |

| | | |
|---|---|---|
| 15:11:00 | 1 | supervised release.  And if I or another judge found that |
| 15:11:04 | 2 | you did violate them, we could send you back to prison, |
| 15:11:07 | 3 | and we could do that without you having the right to a |
| 15:11:11 | 4 | jury trial at that point. |
| 15:11:11 | 5 | Do you understand? |
| 15:11:12 | 6 | THE DEFENDANT:  Yes, sir. |
| 15:11:13 | 7 | THE COURT:  Paragraph 1 also says, in the middle |
| 15:11:19 | 8 | of the paragraph, that by entering into this plea |
| 15:11:22 | 9 | agreement you admit that you knowingly committed this |
| 15:11:25 | 10 | crime and you admit that you're guilty of it. |
| 15:11:29 | 11 | Is that a correct statement, sir? |
| 15:11:31 | 12 | THE DEFENDANT:  Yes, sir. |
| 15:11:32 | 13 | THE COURT:  Paragraph 2 sets out the facts that |
| 15:11:36 | 14 | you're admitting to as a part of this plea.  These are |
| 15:11:39 | 15 | very important because I'm going to rely on the facts to |
| 15:11:42 | 16 | which you admit in deciding whether I can accept your |
| 15:11:44 | 17 | plea and ultimately in deciding what is an appropriate |
| 15:11:48 | 18 | sentence in your case. |
| 15:11:48 | 19 | And paragraph 2 says that you admit that, between |
| 15:11:53 | 20 | August and December of 2018, you agreed with three or |
| 15:11:57 | 21 | more individuals to possess with the intent to distribute |
| 15:12:01 | 22 | and to distribute 500 grams or more of a substance |
| 15:12:04 | 23 | containing methamphetamine here in the District of |
| 15:12:08 | 24 | Kansas.  You did that in violation of federal drug laws. |
| 15:12:13 | 25 | Specifically, this says that you admit that you |

| | | |
|---|---|---|
| 15:12:15 | 1 | knowingly and intentionally agreed with Nicholas Brandt, |
| 15:12:19 | 2 | Cody Cobal, and Matthew McMillan, among others, to |
| 15:12:26 | 3 | possess and distribute quantities of methamphetamine for |
| 15:12:30 | 4 | resale in Wichita.  Again, these quantities were in |
| 15:12:33 | 5 | excess of 500 grams.  And you knew that doing so, both |
| 15:12:38 | 6 | distributing them and possessing with the intent to |
| 15:12:41 | 7 | distribute and conspiring to do so, was illegal. |
| 15:12:43 | 8 | You entered into this agreement with them |
| 15:12:47 | 9 | intentionally and with the intent to make money from this |
| 15:12:49 | 10 | illegal distribution of methamphetamine.  And that this |
| 15:12:54 | 11 | agreement and arrangement you had with other persons |
| 15:12:56 | 12 | allowed you to coordinate the distribution of your |
| 15:13:01 | 13 | methamphetamine supply and to provide methamphetamine to |
| 15:13:04 | 14 | your customers. |
| 15:13:06 | 15 | You further admit that after having discussed this |
| 15:13:10 | 16 | issue with your attorney and reviewing discovery provided |
| 15:13:13 | 17 | by the United States, that interdependence existed |
| 15:13:18 | 18 | between you and the other people involved in this |
| 15:13:20 | 19 | agreement.  That means that their activities constituted |
| 15:13:24 | 20 | an essential and integral step toward the realization of |
| 15:13:28 | 21 | your shared illegal goal, specifically the possession |
| 15:13:32 | 22 | with intent to distribute and the distribution of |
| 15:13:36 | 23 | methamphetamine for financial gain. |
| 15:13:38 | 24 | And, finally, you admit that you know that there |
| 15:13:41 | 25 | was forensic testing performed on these controlled |

| | | |
|---|---|---|
| 15:13:42 | 1 | substances, and that testing indicated that it was, in |
| 15:13:46 | 2 | fact, methamphetamine, and you agree with that.  And, |
| 15:13:51 | 3 | again, you agree that the amount exceeded 500 grams. |
| 15:13:57 | 4 | Are these facts that I've summarized from |
| 15:14:02 | 5 | paragraph 2 all correct, sir? |
| 15:14:04 | 6 | THE DEFENDANT:  Yes, sir. |
| 15:14:04 | 7 | THE COURT:  And do you admit to all of them? |
| 15:14:06 | 8 | THE DEFENDANT:  Yes, sir. |
| 15:14:07 | 9 | THE COURT:  Paragraph 3 talks about the |
| 15:14:09 | 10 | United States Sentencing Guidelines.  Has |
| 15:14:12 | 11 | Mr. Biebighauser discussed the sentencing guidelines with |
| 15:14:14 | 12 | you? |
| 15:14:14 | 13 | THE DEFENDANT:  Yes, sir. |
| 15:14:15 | 14 | THE COURT:  So you understand that they're a |
| 15:14:21 | 15 | process whereby the facts related to your crime will be |
| 15:14:25 | 16 | analyzed and assigned a number that represents how |
| 15:14:28 | 17 | serious that crime is.  We call that number the offense |
| 15:14:31 | 18 | level.  And that offense level will be plotted on a chart |
| 15:14:35 | 19 | against any prior criminal history that you may have to |
| 15:14:39 | 20 | arrive at a recommended range of an appropriate sentence. |
| 15:14:43 | 21 | And paragraph 3 says that you're asking that that |
| 15:14:46 | 22 | guideline range be calculated and that you be given a |
| 15:14:50 | 23 | sentence consistent with the guideline range.  You |
| 15:14:51 | 24 | understand that? |
| 15:14:52 | 25 | THE DEFENDANT:  Yes, sir. |

| | | |
|---|---|---|
| 15:14:55 | 1 | THE COURT:  I'm going to go to paragraph 5 now, |
| 15:14:57 | 2 | which sets forth the agreements the Government's making |
| 15:15:00 | 3 | with you in exchange for your guilty plea.  And this |
| 15:15:03 | 4 | paragraph says that the Government agrees that at the |
| 15:15:05 | 5 | time of your sentencing it will dismiss the indictment |
| 15:15:10 | 6 | and the other counts in the superseding indictment |
| 15:15:11 | 7 | against you other than the one to which you're pleading; |
| 15:15:14 | 8 | it agrees that it will not file any more charges against |
| 15:15:18 | 9 | you that are based on the same facts that these original |
| 15:15:22 | 10 | charges were based on; it agrees that it will recommend |
| 15:15:26 | 11 | the maximum reduction in the offense level that's |
| 15:15:29 | 12 | available because you're accepting responsibility by |
| 15:15:32 | 13 | pleading guilty.  That'll probably be a three-level |
| 15:15:36 | 14 | reduction in the offense level, and that, of course, will |
| 15:15:39 | 15 | result in a lower recommended sentence under the |
| 15:15:42 | 16 | guidelines than would otherwise be the case.  And then it |
| 15:15:46 | 17 | agrees that after that's all done it's going to recommend |
| 15:15:50 | 18 | to me that you be sentenced to 151-month sentence, but |
| 15:15:55 | 19 | it's going to give you the right to request a lower |
| 15:15:58 | 20 | sentence, even if that sentence is below the guideline |
| 15:16:06 | 21 | range but not below the mandatory minimum of 120 months |
| 15:16:10 | 22 | or ten years. |
| 15:16:11 | 23 | Do you understand these promises the Government's |
| 15:16:12 | 24 | making to you? |
| 15:16:13 | 25 | THE DEFENDANT:  Yes, sir. |

15:16:13    1          THE COURT:  Well, there are two things about them

15:16:18    2    that I want to be sure you understand.  The first is that

15:16:22    3    this is all the Government's going to do for you in

15:16:25    4    exchange for your plea.  So if you're pleading guilty

15:16:29    5    because you thought you had some other promises from the

15:16:32    6    Government besides these and you're relying maybe even

15:16:35    7    just in part on those other promises in your decision to

15:16:38    8    plead guilty, I'd advise you not to do that because the

15:16:43    9    Government will not do anything for you except these

15:16:46   10    promises that I've just reviewed.  Do you understand?

15:16:49   11          THE DEFENDANT:  Yes, sir.

15:16:50   12          THE COURT:  And the second thing I want you to

15:16:55   13    understand is that even the promises the Government is

15:16:57   14    making depend on you continuing to show that you accept

15:17:03   15    responsibility for what you've done, just as you're doing

15:17:05   16    by pleading guilty right now.  And that if, in fact, at

15:17:08   17    some later time you deny or give contradictory statements

15:17:14   18    about what you did, if you make frivolous challenges that

15:17:19   19    don't have any real basis in law or fact, if you try to

15:17:23   20    interfere with or obstruct the process of justice in this

15:17:26   21    case, certainly if you commit any other crimes, in any of

15:17:30   22    those cases the Government could come back in to court

15:17:33   23    and ask me to find that by doing those types of things

15:17:37   24    you violated this plea agreement.  And if I find that you

15:17:41   25    did, they won't be held to these promises, and they'll be

15:17:44  1  free to file more charges against you, either charges

15:17:47  2  based on your underlying criminal conduct or charges

15:17:51  3  based on any perjury or false statement or obstruction of

15:17:54  4  justice you might have committed.

15:17:56  5      Do you understand?

15:17:58  6      THE DEFENDANT:  Yes, sir.

15:18:00  7      THE COURT:  Paragraph 67 explains that no matter

15:18:02  8  what the guideline range is that's ultimately calculated,

15:18:06  9  no matter what the request is that you be sentenced to

15:18:10  10  from the Government or from you and your attorney, at the

15:18:15  11  times of sentencing the sentence you actually receive is

15:18:18  12  going to be entirely up to me, and nobody can promise you

15:18:20  13  what that sentence will be.

15:18:23  14      Is that clear?

15:18:25  15      THE DEFENDANT:  Yes, sir.

15:18:26  16      THE COURT:  And if you don't like the sentence you

15:18:28  17  get, paragraph 7 explains that that will not be a basis

15:18:31  18  for you to withdraw from your plea.  Once I've accepted

15:18:36  19  your plea, that's final, and you cannot change your mind

15:18:39  20  later and get these rights back just because you don't

15:18:44  21  like the way things are going or have second thoughts.

15:18:47  22      Is that clear?

15:18:47  23      THE DEFENDANT:  Yes, sir.

15:18:48  24      THE COURT:  Let's go now to paragraph 9.  This

15:18:53  25  paragraph explains that under the law you have a lot of

15:18:56   1   rights to file appeals or challenges of things that

15:18:59   2   happened to you in this case.  You can appeal the way

15:19:01   3   this case was investigated and prosecuted against you.

15:19:04   4   You can appeal your conviction, the sentence you receive

15:19:08   5   and how that sentence was calculated, the terms and

15:19:11   6   conditions of supervised release placed upon you and any

15:19:15   7   later violation of those terms and conditions you may be

15:19:17   8   found to have committed.

15:19:20   9        You can even, after this case is over, file a

15:19:24   10  separate motion or a separate case in which you would

15:19:29   11  allege that we didn't properly follow the law and the

15:19:32   12  rules here and that, therefore, you shouldn't be held to

15:19:35   13  any judgment or sentence issued against you in this case.

15:19:39   14       But under paragraph 9, you're pretty much waiving

15:19:44   15  all of those appeal rights.  You would still have the

15:19:50   16  right to appeal from any determination if it happens in

15:19:52   17  the calculation of your sentence that you should be -- we

15:19:57   18  call it an enhancement of the sentence.  Essentially it

15:20:00   19  would increase your offense level, giving you a higher

15:20:03   20  recommended guideline range.  If your sentence is

15:20:07   21  calculated giving you an enhancement for your role in the

15:20:11   22  offense, like a leader/organizer role or some role like

15:20:15   23  that, you will have the right to appeal that

15:20:17   24  determination.  But other than that, you're pretty much

15:20:23   25  waiving any other appeal rights you would have under the

| | | |
|---|---|---|
| 15:20:25 | 1 | law unless I give you a sentence above the top end of the |
| 15:20:30 | 2 | guideline that's absolutely determined or unless the |
| 15:20:33 | 3 | United States files its own appeal. |
| 15:20:36 | 4 | Do you understand? |
| 15:20:37 | 5 | THE DEFENDANT:  Yes, sir. |
| 15:20:37 | 6 | THE COURT:  I think I'll skip to paragraph 12, |
| 15:20:42 | 7 | which states, quite simply, that the promises made to you |
| 15:20:45 | 8 | in this plea agreement are only binding against federal |
| 15:20:48 | 9 | law enforcement authorities in Kansas, and nobody else, |
| 15:20:51 | 10 | and that would include officials in Wichita or Sedgwick |
| 15:20:56 | 11 | County, none of them are restricted to the promises in |
| 15:21:01 | 12 | this agreement. |
| 15:21:02 | 13 | Is that clear? |
| 15:21:02 | 14 | THE DEFENDANT:  Yes, sir. |
| 15:21:03 | 15 | THE COURT:  Finally, sir, the last couple of |
| 15:21:08 | 16 | sentences in this plea agreement, at the bottom of |
| 15:21:10 | 17 | paragraph 13, state that you acknowledge that you're |
| 15:21:14 | 18 | entering into this plea agreement and you're pleading |
| 15:21:16 | 19 | guilty because you are guilty, and that you're doing that |
| 15:21:21 | 20 | freely and voluntarily. |
| 15:21:25 | 21 | Is that a correct statement, sir? |
| 15:21:27 | 22 | THE DEFENDANT:  Yes, sir. |
| 15:21:27 | 23 | THE COURT:  Other than the promises made to you in |
| 15:21:31 | 24 | this plea agreement which I've already discussed, has |
| 15:21:34 | 25 | anyone made any other promises to you to persuade you to |

15:21:37  1   plead guilty?

15:21:38  2          THE DEFENDANT:  No, sir.

15:21:39  3          THE COURT:  Has anyone made any threats against

15:21:42  4   you to make you enter this plea?

15:21:44  5          THE DEFENDANT:  No, sir.

15:21:45  6          THE COURT:  Has anybody used or tried to use any

15:21:48  7   physical force or violence against you to make you enter

15:21:50  8   this plea?

15:21:51  9          THE DEFENDANT:  No, sir.

15:21:52  10         THE COURT:  The indictment charging you with these

15:21:56  11  crimes charged several other people.  If I accept your

15:22:01  12  plea agreement, that's final; even if all these other

15:22:05  13  people ultimately are acquitted of all charges or had all

15:22:08  14  charges against them dismissed, you'd still be held to

15:22:12  15  your guilty plea.  Do you understand that?

15:22:13  16         THE DEFENDANT:  Yes, sir.

15:22:14  17         THE COURT:  Counsel for both sides, have I

15:22:16  18  adequately covered this plea agreement to your

15:22:18  19  satisfaction?

15:22:19  20         MS. GORDON:  Yes, Your Honor.

15:22:20  21         MR. BIEBIGHAUSER:  Yes, Your Honor.

15:22:21  22         THE COURT:  Thank you, counsel.

15:22:22  23         Mr. Arjona, we have another document called

15:22:25  24  Petition to Enter Plea of Guilty.  I'm not going to go

15:22:28  25  over that in the same detail that I went through the plea

15:22:32   1   agreement, but I want to ask you a few questions about

15:22:33   2   this petition.

15:22:34   3        Have you also gone through this document and

15:22:36   4   discussed it with Mr. Biebighauser?

15:22:43   5        (Whereupon, a sotto voce discussion was had

15:22:44   6   between Mr. Biebighauser and the defendant.)

15:22:44   7        THE DEFENDANT:  Yes, sir.

15:22:45   8        THE COURT:  Again, has he explained it to you,

15:22:48   9   answered any questions you have about it?

15:22:51   10       THE DEFENDANT:  Yes, sir.

15:22:51   11       THE COURT:  You think you understand it?

15:22:52   12       THE DEFENDANT:  Yes, sir.

15:22:53   13       THE COURT:  Counsel, are you confident your client

15:22:54   14   understands the consequences of signing this document and

15:22:59   15   presenting it to the court?

15:23:00   16       MR. BIEBIGHAUSER:  Yes, sir.

15:23:01   17       THE COURT:  You understand, sir, that by signing

15:23:03   18   this petition and giving it to me it means that you're

15:23:05   19   admitting, under oath, that you committed the crime to

15:23:07   20   which you're pleading and you're admitting that you're,

15:23:10   21   in fact, legally guilty of that crime?  Is that clear?

15:23:14   22       THE DEFENDANT:  Yes, sir.

15:23:17   23       THE COURT:  And by signing this petition and

15:23:18   24   giving it to me, it means that you're telling me you want

15:23:21   25   to plead guilty to this crime and you want me to accept

| | | |
|---|---|---|
| 15:23:24 | 1 | that plea and find that you are guilty, without ever |
| 15:23:28 | 2 | having to have a jury trial. |
| 15:23:29 | 3 | Do you understand that? |
| 15:23:30 | 4 | THE DEFENDANT:  Yes, sir. |
| 15:23:31 | 5 | THE COURT:  Are you signing this petition and |
| 15:23:34 | 6 | giving it to me because you are, in fact, legally guilty |
| 15:23:38 | 7 | of the crime to which you're pleading? |
| 15:23:40 | 8 | THE DEFENDANT:  Yes, sir. |
| 15:23:41 | 9 | THE COURT:  Do you have any questions about |
| 15:23:45 | 10 | anything I've talked with you about this afternoon? |
| 15:23:49 | 11 | THE DEFENDANT:  No, sir.  I understand everything. |
| 15:23:50 | 12 | THE COURT:  All right.  Thank you.  Before I |
| 15:23:52 | 13 | accept your plea, do you want any additional time to |
| 15:23:54 | 14 | speak privately with your attorney about anything at all? |
| 15:23:58 | 15 | THE DEFENDANT:  Just one thing, sir. |
| 15:24:02 | 16 | THE COURT:  Well, this is the only point you'll |
| 15:24:05 | 17 | get, Mr. Arjona.  Just -- I understand that's kind of a |
| 15:24:08 | 18 | figure of speech, but it always makes me a little nervous |
| 15:24:11 | 19 | when you say, "Not at this point," because, as I said, |
| 15:24:13 | 20 | once I accept your plea, I guess to put it frankly, there |
| 15:24:16 | 21 | won't be another point. |
| 15:24:18 | 22 | MR. BIEBIGHAUSER:  He said, "Just one thing," Your |
| 15:24:20 | 23 | Honor. |
| 15:24:20 | 24 | THE COURT:  Oh, I thought he said, "Not at this |
| 15:24:23 | 25 | point."  I apologize.  Those darn masks.  All right.  Go |

| | | |
|---|---|---|
| 15:24:27 | 1 | ahead, please. |
| 15:24:30 | 2 | (Whereupon, a sotto voce discussion was had |
| 15:24:31 | 3 | between Mr. Biebighauser and the defendant.) |
| 15:25:36 | 4 | THE COURT:  I'm sorry, Counsel. |
| 15:25:37 | 5 | MR. BIEBIGHAUSER:  May we go ahead and execute |
| 15:25:39 | 6 | these documents, Judge?  I believe I've answered |
| 15:25:43 | 7 | Mr. Arjona's questions. |
| 15:25:43 | 8 | THE COURT:  All right.  Let me accept his plea |
| 15:25:47 | 9 | first. |
| 15:25:48 | 10 | Mr. Arjona, are you ready to enter your plea, sir? |
| 15:25:51 | 11 | THE DEFENDANT:  Yes, sir. |
| 15:25:52 | 12 | THE COURT:  Would you please stand. |
| 15:25:52 | 13 | (The defendant complies.) |
| 15:25:53 | 14 | THE COURT:  Michael Arjona, as to the charge filed |
| 15:25:55 | 15 | against you in the superseding indictment returned by the |
| 15:25:57 | 16 | grand jury in this case, how do you plead, guilty or not |
| 15:26:00 | 17 | guilty? |
| 15:26:01 | 18 | THE DEFENDANT:  Guilty, sir. |
| 15:26:03 | 19 | THE COURT:  Now, Mr. Biebighauser, you may execute |
| 15:26:05 | 20 | these documents and present them to the court. |
| 15:26:14 | 21 | (Brief pause.) |
| 15:27:53 | 22 | MR. BIEBIGHAUSER:  May I approach, Judge? |
| 15:27:54 | 23 | THE COURT:  You may. |
| 15:27:55 | 24 | MR. BIEBIGHAUSER:  I do have one thing I'd like to |
| 15:27:58 | 25 | mention about the plea petition.  I mailed to the court |

15:28:01  1  prior to the hearing a completed version of the petition,

15:28:03  2  but of course between home and work for COVID working

15:28:05  3  this older version didn't have a couple of fill-ins, so

15:28:08  4  I've included the eighth grade and the notice about

15:28:11  5  Tylenol by writing and having the defendant sign.

15:28:12  6          THE COURT:  The petition I had had Tylenol.

15:28:14  7          MR. BIEBIGHAUSER:  Yes, sir, that's included now

15:28:16  8  in writing.

15:28:16  9          THE COURT:  I mean, the one that you sent me

15:28:18  10 earlier mentioned that.

15:28:19  11         MR. BIEBIGHAUSER:  Yes, but between work and home,

15:28:22  12 I had to write these in here.

15:28:24  13         THE COURT:  I see.  And what was the other one?

15:28:26  14         MR. BIEBIGHAUSER:  Completing the eighth grade.

15:28:29  15         THE COURT:  Thank you.

15:28:52  16         Counsel, do neither of you know of any reason why

15:28:56  17 I should not accept this plea?

15:28:57  18         MS. GORDON:  No, Your Honor.

15:28:58  19         MR. BIEBIGHAUSER:  No, Your Honor.

15:28:58  20         THE COURT:  Very well.  I find that the defendant

15:29:00  21 has made his plea freely, voluntarily, because he's

15:29:06  22 guilty as charged, not out of ignorance, fear,

15:29:10  23 inadvertence or coercion but with a full understanding of

15:29:15  24 the consequences.  I further find that he's admitted to

15:29:18  25 the essential elements of the crime charged and that he's

9-21-20   USA v. ARJONA   No. 19-10025-01

| | | |
|---|---|---|
| 15:29:20 | 1 | mentally competent to do so.  I'm therefore ordering that |
| 15:29:23 | 2 | his plea of guilty be accepted and entered as prayed for |
| 15:29:25 | 3 | in the petition and as recommended by his attorney.  I'm |
| 15:29:31 | 4 | going to direct the United States Probation Office to |
| 15:29:32 | 5 | prepare a background presentence investigation report on |
| 15:29:36 | 6 | you that we'll use at the time of your sentencing.  In |
| 15:29:41 | 7 | doing that they'll probably want to interview you or talk |
| 15:29:43 | 8 | to you, and I'm advising you to have Mr. Biebighauser |
| 15:29:45 | 9 | present for that interview or, at a bare minimum, to at |
| 15:29:48 | 10 | least discuss it with him in advance. |
| 15:29:51 | 11 | Do you understand? |
| 15:29:51 | 12 | THE DEFENDANT:  Yes, sir. |
| 15:29:52 | 13 | THE COURT:  What date can we set for sentencing in |
| 15:29:54 | 14 | this case? |
| 15:29:54 | 15 | COURTROOM DEPUTY:  December 16 at 10:30 A.M. |
| 15:29:58 | 16 | THE COURT:  All right.  Sentencing will be set |
| 15:30:00 | 17 | accordingly.  The defendant will be remanded to the |
| 15:30:02 | 18 | custody of the marshals until that time.  Is there |
| 15:30:04 | 19 | anything else we need to take up regarding this matter |
| 15:30:07 | 20 | this morning -- this afternoon? |
| 15:30:09 | 21 | MS. GORDON:  No, Your Honor.  Thank you. |
| 15:30:10 | 22 | MR. BIEBIGHAUSER:  No, Your Honor. |
| 15:30:11 | 23 | THE COURT:  Court's in recess. |
| 15:30:13 | 24 | COURTROOM DEPUTY:  All rise. |
| 15:30:14 | 25 | (Whereupon, the proceedings were concluded at |

15:30:15   1   3:30 P.M.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

I, Johanna L. Wilkinson, United States Court Reporter in and for the District of Kansas, do hereby certify:

That the above and foregoing proceedings were taken by me at said time and place in stenotype;

That thereafter said proceedings were transcribed under my direction and supervision by means of computer-aided transcription, and that the above and foregoing constitutes a full, true and correct transcript of said proceedings;

That I am a disinterested person to the said action.

IN WITNESS WHEREOF, I hereto set my hand on this the 11th day of June, 2021.


                    s/ Johanna L. Wilkinson
                    Johanna L. Wilkinson, CSR, CRR, RMR
                    United States Court Reporter